ELIZABETH W. ALLEN et al.

*v.*

JOSEPH E. ALLEN et al.

1. Since the statute of 1880 (*P. L. of 1880 p. 255*), a personal decree for deficiency cannot, on foreclosure, be obtained against a mortgagor.

2. The grantees of the mortgaged premises who assumed the payment of the mortgage in their respective deeds, are, nevertheless, still liable to the mortgagee on their several assumptions, if a deficiency remain after foreclosure, and their liability may be enforced through an independent suit in equity.

3. Municipal taxes assessed on mortgaged lands in Rahway, after the mortgage was given, are liens on the premises paramount to the mortgage.

---

The bill was filed September 8th, 1880, to foreclose a mortgage for $1,000, dated May 1st, 1857, on lands in the city of Rahway. It asks for decrees for deficiency against some of the defendants, who became grantees of the mortgaged premises, subject to the mortgage, and with assumptions to pay and discharge it expressed in the conveyances made to them respectively. The bill also says that the city of Rahway claims to have some liens on the mortgaged lands, but alleges that such liens, if any, are subsequent to the mortgage. It does not state what the liens are.

An answer was filed for William Gibby, one of the grantees, denying his liability to a decree for deficiency.

An answer was filed for the city of Rahway, setting up that taxes for state, county and city purposes, assessed by said city on the lands in the mortgage, are liens on said lands, prior to the lien of the mortgage. The answer does not specify the taxes, or show in what years they were assessed, or for what sums.

A general demurrer was filed by Joseph E. Allen, one of the defendants sought to be charged with a decree for deficiency.

The cause being referred to Vice-Chancellor Dodd, was submitted to him upon the pleadings and written briefs.

*Mr. Robert Allen, jun.*, for complainants.

*Mr. William J. Gibby*, for defendant William Gibby.

*Mr. Garret Berry*, for city of Rahway.

*Messrs. Vail & Ward*, for Joseph E. Allen.

DODD, V. C.

The complainants ask that Joseph W. Allen, the obligor and mortgagor, and William Gibby, Joseph E. Allen and others, who, as grantees of the mortgaged premises, assumed with their

Allen *v.* Allen.

grantors to pay and discharge the mortgage, may be decreed to pay the deficiency, if any, of the mortgage debt, after applying thereto the proceeds of the foreclosure sale. That the obligor, Joseph W. Allen, is not liable to such a decree, was, settled by this court in *Newark Savings Institution* v. *Forman, 6 Stew. Eq. 436.* It was there held that the act of March 12th, 1880 (*P. L. of 1880 p. 255*), was not unconstitutional, though it deprived the complainant of the right to a personal decree against the obligor, for the reason that while the remedy previously existing in equity was taken away by the act, there remained the remedy of an action at law on the bond.

Against the defendants in this case, who are sought to be personally charged for deficiency, on the ground that they assumed with their grantors to pay the mortgage debt, and so became liable, in equity, to the holders of that debt, the above act has not been held to take away the right to a decree in equity, as in the case of the Savings Institution v. Newark, it was held to do in respect to the obligor. The equitable obligation against the grantees who so assumed, the mortgage still remains, and may, I think, be enforced, but not in this suit to foreclose. The language of the act cannot be so construed as to prevent the holder of the mortgage from bringing a suit for that purpose, if a deficiency should be found to exist after foreclosure sale. The act prohibits a decree for deficiency only " in all proceedings to foreclose." To construe it as prohibiting the enforcement of an equitable obligation, enforceable nowhere else than in equity, would be to extend the act beyond its plain terms. The relief in equity is regulated, but not destroyed. The demurrer in the present case must, therefore, be sustained, and also, for the same reasons, the defence set up in the answer of the defendant William Gibby.

Assuming that the taxes referred to in the answer are liens upon the mortgaged premises (as they seem to be considered in the briefs), the question whether they are prior to the mortgage, and entitled to be first paid, is settled by the cases of *Trustees &c.* v. *Trenton, 3 Stew. Eq. 667,* and *City of Paterson* v. *O'Neill, 5 Stew. Eq. 386.* The charter of the city of Rahway (*P. L. of*

*1865 p. 499*), read in the light of the above cases, manifests a clear legislative intention to make taxes, assessed after the execution of a mortgage, a lien on the premises against which they are assessed, prior to the lien of the mortgage.

There should be a reference to a master, to ascertain the amount due on the mortgage, and also the amounts due for taxes.